IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ZUBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-517-DWD |
| ) | |
| CTS NATIONAL CORPORATION, ) | |
| SHERWIN-WILLIAMS COMPANY, ) | |
| and ERNEST BRUCE BENEFIEL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff James Zuber was injured while operating a tractor-trailer in the course of his employment by Defendants CTS National Corporation ("CTS") and Sherwin-Williams Company ("Sherwin-Williams").[1] Defendant Ernest Bruce Benefiel was employed as Safety Coordinator for Sherwin-Williams "and/or" CTS at the time. (Doc. 1-2 at 2). Zuber filed this common law tort action against Defendants in Illinois state court on January 27, 2022. On March 14, 2022, Defendants removed the action to this Court. (Doc. 1). Now before the Court is Zuber's motion to remand this action to state court. (Doc. 14). Defendants have responded to the motion (Doc. 17), and it is ripe for decision. For the following reasons, the motion is due to be granted.

According to the complaint, Zuber was employed as a tractor-trailer operator and

---

[1] In his complaint, Zuber alleges that CTS is a wholly owned subsidiary of Sherwin-Williams and that he was employed by Sherwin-Williams or in the alternative, by CTS. (Doc. 1-2 at 2). The precise details of the employment relationship between Zuber, CTS, and Sherwin-Williams are not at issue before the Court today as they are not determinative of Zuber's motion.

transported Sherwin-Williams products from Effingham, Illinois to other locations throughout the country. (Doc. 1-2 at 2–3). On February 8, 2020, Zuber was transporting Quick Dry Enamel from Effingham to North Dakota. According to the product's Material Safety Data Sheet, workers exposed to Quick Dry Enamel should wear goggles and a respiratory device to avoid the adverse health effects caused by overexposure to the product. After stopping for a delivery at a Sherwin-Williams store, Zuber noticed that the Quick Dry Enamel was leaking inside his trailer. Zuber informed Defendants of the leak. After failing to find a professional paint contractor remediator to clean the leaking Quick Dry Enamel, Benefiel told Zuber to clean it up himself. Zuber had no training in hazardous material clean up or safety and lacked personal protection equipment. But he purchased some gloves and goggles and cleaned up the spill. As a result of his exposure to the Quick Dry Enamel, Zuber experienced nausea and dizziness and suffered serious injuries. Zuber claims that Defendants acted negligently, willfully and wantonly, and intentionally when they ordered him to clean up the spill without adequate equipment and training, thereby causing his injuries.

In their notice of removal, Defendants point out that the parties would be completely diverse under 28 U.S.C. § 1332, were it not for Benefiel, who is a citizen of Illinois. They also argue that Benefiel was fraudulently joined for the sole purpose of defeating diversity. According to Defendants, Benefiel's joinder was improper because the Illinois Workers' Compensation Act ("IWCA") preempts any claim Zuber might have against him. Zuber's motion to remand primarily argues that Defendants have not met their burden to prove that Zuber cannot establish a cause of action against Benefiel—the

standard to show fraudulent joinder. Zuber also argues that his claims arise under the IWCA and are therefore nonremovable under 28 U.S.C. § 1445(c). The Court finds this latter argument dispositive of the motion to remand.

Any civil action "arising under the workmen's compensation laws of [a] State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). A claim arises under a worker's compensation law if it "presents a dispute about the validity, construction, or effect of the law." *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725–26 (7th Cir. 1994). In other words, to trigger § 1445(c), "the state's workers' compensation laws must either play a role in determining whether a plaintiff would prevail, or the claim must require interpretation of the workers' compensation laws." *Hardinge, Inc. v. Emerson Transmission Power Co.*, 2010 WL 1781031, at *2 (N.D. Ind. May 2, 2010).

Certainly, Zuber's claims directly implicate the IWCA. He brings tort claims for negligence against his employer(s) and a co-employee for injuries he sustained in the course of his employment. The IWCA generally prohibits an employee from bringing common law negligence actions against his employer for work-related injuries. 820 Ill. Comp. Stat. 305/5(a); *Peng v. Nardi*, 163 N.E.3d 133, 136 (Ill. App. Ct. 2017). Workers are limited to the compensation provided by the IWCA, compensation which Defendants point out Zuber is already seeking. (Doc. 17 at 7). The IWCA's exclusivity extends to claims against co-employees acting in the course of their employment. *Peng*, 163 N.E.3d at 136–37. Thus, while Zuber's negligence claims face a number of hurdles that will operate to contour the outcome, the more precisely stated question is whether these claims "arise under" the IWCA so as to require remand.

Defendants argue that Zuber's claims do not arise under the IWCA because he alleges intentional conduct. Defendants are correct that some intentional torts do not arise under the IWCA. *See Spearman*, 16 F.3d at 725–26. In *Spearman*, the Seventh Circuit held that the intentional tort of retaliatory discharge recognized by the Illinois Supreme Court in *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (1978), was independent of the IWCA. *Id.* The court reasoned that a retaliatory discharge claim could be decided without reference to the IWCA. *Id.* at 725. Here, Zuber's claims cannot be decided without consideration of IWCA and its curtailment of his potential for recovery. His negligence claim falls squarely within the province of the IWCA.

Zuber's allegations of "willful and wanton acts" and intentional conduct (Doc. 1-2 at 7–19) do not help him either. As Defendants point out, "willful and wanton conduct" is not a separate tort, but simply an aggravated form of negligence. *Krywin v. Chi. Transit Auth.*, 938 N.E.2d 440, 452 (Ill. 2010). Defendants also argue in their response (Doc. 17 at 2, 5 & 9) and in their notice of removal (Doc. 1 at 8) that Zuber failed to plead an intentional tort. The Court agrees with Defendants' argument that Zuber has plead only a common law negligence claim, perhaps aggravated by claims of willful, wanton, and intentional conduct, but has not plead an intentional tort that falls outside the boundaries of the IWCA.

The parties make much of the intentional conduct exception to the IWCA's exclusivity provision in their arguments for and against Defendants' fraudulent joinder theory. Under this exception, an employee may bring a civil action against an employer for a nonaccidental injury, such as an intentionally inflicted injury. *Peng*, 163 N.E.3d at

4

137. Zuber argues that he has alleged that Benefiel's conduct was sufficiently intentional to fall under the exception and thus avoid the IWCA's preemptive effect. Defendants argue that Zuber's claims do not allege the specific intent required to trigger this exception and that the IWCA therefore preempts his claim against Benefiel. However, in their attempt to argue fraudulent joinder, Defendants reverse their prior argument against the application of 28 U.S.C. § 1445(c). To avoid a finding of nonremovability under § 1445(c), Defendants argue that Zuber alleges conduct intentional enough to fall outside of the IWCA, that is, conduct constituting an intentional tort. But to establish IWCA preemption of the claims against Benefiel, they argue that Zuber has not alleged conduct intentional enough to trigger the exception to the IWCA's exclusivity provision. At best, Defendants' arguments are inconsistent.

But the Court need not decide whether the intentional conduct exception applies as it has already found 28 U.S.C. § 1445(c) requires remand. The arguments over the intentional conduct exception serve to emphasize just how entangled Zuber's claims are with the IWCA and how much they present a dispute about the construction and effect of the law. See *Spearman*, 16 F.3d at 725–26. For these reasons, the Court finds that Zuber's claims "arise under" the IWCA and are therefore nonremovable under 28 U.S.C. § 1445(c).

Accordingly, Zuber's motion to remand (Doc. 14) is **GRANTED**. It is **ORDERED** that this case be **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, Effingham County, Illinois. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of the state court and thereafter to **CLOSE** this case.

**SO ORDERED.**

Dated: June 21, 2022

_____
DAVID W. DUGAN
United States District Judge